UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:15-cr-00055-MOC-DCK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **XAVIER SHIHEEN MILLS,** | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on defendant's Motion to Dismiss Count Two of the Bill of Indictment (#17). The government has timely filed its Response (#19) to defendant's motion. Defendant contends that Count Two of the Indictment should be dismissed in light of Johnson v. United States, 576 U.S. ___, 135 S.Ct. 2551 (June 26, 2015). The issue has now been fully briefed and for the reasons that follow, the court will deny the Motion to Dismiss. In sum, carjacking is, as a matter of well settled law in the Fourth Circuit, a crime of violence well within the definition of the "force" provision found in the first prong of § 924(c), making it unnecessary to determine whether the second prong is unconstitutional.

**FINDINGS AND CONCLUSIONS**

**I.    Background**

In the Indictment (#1), the Grand Jury alleges in Count One that on or about January 7, 2015, defendant

> with intent to cause death and serious bodily harm, did unlawfully take from the person and presence of another by force, violence and intimidation, a motor vehicle that had been shipped, transported and received in interstate or foreign commerce, that is, a Nissan Murano. All in violation of Title 18, United States Code, Section 2119.

1

Indictment (#1) at 1. In Count Two, the Grand Jury charged a violation of 18 U.S.C. § 924(c), alleging that defendant used and carried a firearm in furtherance of a crime of violence, specifically the carjacking charged in Count One, and further that the firearm was discharged. Id. at Count Two.

## II. Discussion

In Johnson, supra, the Supreme Court determined that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. §924(e)(2)(B), was void for vagueness, making such provision unconstitutional. The ACCA defines the phrase "violent felony" as "any crime punishable by imprisonment for a term exceeding one year ... that — (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, <u>or otherwise involves conduct that presents a serious potential risk of physical injury to another</u>." 18 U.S.C. § 924(e)(2)(B) (emphasis added). The residual clause is the underlined phrase at the end of § 924(e)(2)(B)(ii).

While the ACCA is not implicated in this case, language similar to the language the Johnson court determined was unconstitutionally vague is used in a number of statutes and in a number of provisions of the United States Sentencing Guidelines. The ACCA provides a 15 year mandatory minimum sentence for a defendant convicted of three prior "violent crimes," while Section 924(c) – which is implicated in this case -- provides in relevant part mandatory minimum sentences for those who, during and in relation to a "crime of violence" use or carry a firearm, or possesses a firearm in furtherance of such crime. Here, it has been alleged that defendant discharged a firearm that he possessed during a crime of violence. While the phrase "violent crime" is defined under § 924(e)(2)(B), Section 924(c) provides a separate definition for the phrase "crime of violence" as one that

2

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3)(A)-(B). Although not identical to the language used in the residual clause of the ACCA (§ 924(e)(2)(B)(ii)), defendant contends that the language contained in §924(c)(3)(B) is substantially similar and should also be found to be void for vagueness.

Even if the court were to assume that §924(c)(3)(B) suffers from the same constitutional deficiency as does the residual clause in § 924(e)(2)(B)(ii), which the court declines to do as it is unnecessary for the purposes of this decision, defendant argues that carjacking under 18 U.S.C. § 2119 does not qualify as a crime of violence under § 924(c)(3)(A) -- known as the "force" or "elements" provision -- because the underlying offense could be satisfied by a showing of "intimidation" rather than "force and violence." Defendant contends that because such offense can be proven through intimidation rather than force and violence, its use as a § 924(c) predicate is not appropriate under Johnson because intimidation "does not require the use, attempted use, or threatened use of 'violent force.'" Defendant Brief (#18) at 6. Thus, before taking up the constitutional issue involved in considering § 924(c)(3)(B), the court is obliged to first consider whether the government has charged a viable predicate offense under § 924(c)(3)(A).

The government here argues that the court need go no further than to review the elements of the offense by applying the categorical approach to find that the offense of carjacking is not a divisible offense, making the categorical approach applicable. See Omargharib v. Holder, 775 F.3d 192, 198 (4th Cir. 2014) (discussing the characteristics of a divisible statute). Carjacking is defined as an offense in which someone "with the intent to cause death or serious bodily harm takes a motor vehicle that has been transported, shipped, or received in interstate or foreign

3

commerce from the person or presence of another by force and violence or by intimidation, or attempts to do so." 18 U.S.C. § 2119 (emphases added). The elements are that defendant: "(1) with intent to cause death or serious harm (2) took a motor vehicle (3) that had been transported, shipped or received in interstate or foreign commerce (4) from the person or presence of another (5) by force and violence or intimidation." United States v. Foster, 507 F.3d 233, 246 (4th Cir. 2007) (emphasis added). Here, if the court were to find the offense of carjacking as an "indivisible offense" implicating the categorical approach, the fifth element can be proved either by the government showing "force and violence" *or* by intimidation. The Fourth Circuit has specifically held that "[u]nder the definitional requirements of 924(c)(3), the carjacking statute is a crime of violence." United States v. Johnson, 32 F.3d 82, 85 (4th Cir. 1994) (interpreting earlier version of § 2119, which also included "intimidation").

Further, if the court considers the statue to be divisible inasmuch as the fifth element can be proved in multiple ways, the modified categorical approach would apply and the result would simply be the same. Where a statute "sets out one or more elements of the offense in the alternative," Descamps v. United States, ___ U.S. ___, 133 S. Ct. 2276, 2281 (June 20, 2013), a "modified categorical approach" is applied, which allows a court to look to certain documents, including the Indictment, to determine which statutory alternative was implicated by the offense of conviction. Id. The "force and violence" element is clearly divisible from "intimidation" element as evidenced by Congress's use of the disjunctive "or." Thus, it is conceivable that Section 2119 is a divisible statute as to which the modified categorical approach is applicable. In reviewing the Indictment, a Shepard[1] approved document, the carjacking charged in this case includes "force and violence," making it clear that such offense would be well within the definition of "crime of

---

[1] Shepard v. United States, 544 U.S. 13, 16 (2005).

4

violence" found in § 924(c)(3)(A).  Clearly, the Indictment has made it clear to this defendant that he has been charged with a carjacking in which he not only employed a gun, but discharged that gun, making it "opaque" as to which of the divisible elements of Section 2119 the government intends to prove.  The fact that the indictment charges "intimidation" in the conjunctive is of no moment. What is important under Johnson is that 924(c) provides defendant with fair notice that committing the proscribed underlying criminal act could subject him to liability under 924(c). Clearly, a person committing carjacking with a gun will not be surprised when he or she discovers that such conduct also amounts to a violation of  § 924(c)(3)(A).

Thus, the predicate offense underlying the § 924(c) charge specifically alleges a crime of violence as defined under § 924(c)(3)(A), making it unnecessary to reach defendant's constitutional argument under § 924(c)(3)(B). Ashwander v. TVA, 297 U.S. 288, 347 (1936) (Brandeis, J., concurring) ("It is not the habit of the court to decide questions of a constitutional nature unless absolutely necessary to a decision of the case."). Defendant's Motion to Dismiss Count Two is, therefore, without merit.

## ORDER

**IT IS, THEREFORE, ORDERED** that defendant's Motion to Dismiss Count Two of Bill of Indictment (#17) is **DENIED**.

Signed: October 29, 2015



Max O. Cogburn Jr
United States District Judge

5